**UNITED STATES of America, Plaintiff,**

**v.**

**Charles FRANK and Moses Tootick, Defendants.**

**Crim. No. 89–221–FR.**

United States District Court,
D. Oregon.

March 12, 1990.

Charles H. Turner, U.S. Atty., and William M. Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff.

Steven T. Wax, Federal Defender, and Stephen R. Sady, Asst. Federal Defender, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matters before the court are 1) defendant Charles Frank's motion for a new trial; and 2) Frank's motion for judgment of acquittal.

### 1. *New Trial*

Frank moves the court for a new trial on the grounds that 1) the court's refusal to sever the trials of co-defendants violated Frank's right to a fair trial and constituted an abuse of discretion; and 2) the introduction and use of photographs of the victim's wounds were an abuse of discretion and denied Frank a fair trial. The government opposes the motion.

### A) *Severance:*

Frank argues that severance from the co-defendant, Moses Tootick, was required because their defenses were antagonistic to the point of being mutually exclusive.

The court concludes that while the defenses of Frank and Tootick were antagonistic, they were not mutually exclusive. Frank testified that Tootick had committed the assault. Tootick did not testify or present any direct evidence that Frank committed the assault. While counsel for Tootick told the jury in opening statements and closing arguments that Tootick blamed Frank, no evidence was presented to support that claim, and the court instructed the jury that arguments of counsel are not evidence. The only evidence presented by Tootick related to the defense of intoxication.

The court concludes that there was ample evidence presented by the government to support the conviction of Frank, and that the evidence presented by Frank and Tootick did not present mutually exclusive defenses.

### B) *Photographs:*

The photographs were evidence of the seriousness of the bodily injuries suffered by Aaron Hart. They also bolstered testimony that Frank and Tootick had stated earlier in the evening that they intended to "cut his throat" and "cut off his balls." The court adheres to its ruling that the photographs were admissible and necessary to prove the government's case.

Frank's motion for a new trial is denied.

### 2. *Judgment of Acquittal*

Frank moves for judgment of acquittal on the grounds that no rational jury could find beyond a reasonable doubt that any injury inflicted by Frank caused Aaron Hart serious bodily injury. Frank asserts that the evidence presented supports only the conclusion that Frank may have injured Hart with a vehicle. Frank argues that based on the testimony of Dr. McDonald and Dr. Brady, no rational finder of fact

would conclude beyond a reasonable doubt that the injuries caused by being run over by the vehicle resulted in serious bodily injury.

There was ample evidence presented at trial to allow a rational finder of fact to conclude that Frank stabbed Hart or aided and abetted in the stabbing which caused serious bodily injury to Hart.

Frank's motion for judgment of acquittal is denied.